UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ROBERT SCHUBERT and RITA SCHUBERT,

                              Plaintiffs,

            -against-                        09-Civ.-6867 (KMK)

CITY OF RYE, CITY COUNCIL OF THE CITY OF
RYE, ANDREW C. BALL, in his individual capacity and
as a member of the City Council of the City of Rye,
MACK CUNNINGHAM in his individual capacity and as
a member of the City Council of the City of Rye, PAULA
GAMACHE, in her individual capacity and as a member of
the City Council of the City of Rye, CATHERINE
PARKER, in her individual capacity and as a member of
the City Council of the City of Rye, GEORGE S. PRATT,
in his individual capacity and as a member of the City
Council of the City of Rye, JOE SACK, in his individual
capacity and as a member of the City Council of the City of
Rye, GEORGE J. MOTTARELLA, in his individual
capacity and as City Engineer of the City of Rye, STEVEN
OTIS, in his individual capacity and as Mayor of the City
of Rye and O. PAUL SHEW, in his individual capacity and
as City Manger of the City of Rye,

                              Defendants.

------------------------------------------------------------------- x

## RYE DEFENDANTS' MEMORANDUM
## OF LAW IN OPPOSITION TO PLAINTIFFS' SUBMISSION AND IN FUTHER
## SUPPORT OF THEIR MOTION TO DISMISS

| | |
|---|---|
| LANDMAN CORSI BALLAINE & FORD P.C.<br>120 Broadway, 27th floor<br>New York, NY 10271-0079<br>(212) 238-4800 | RICE & AMON<br>4 Executive Boulevard<br>Suffern, NY 10901<br>(845) 357-4000 |
| Of Counsel<br>    Louis G. Corsi<br>    Cristi L. Luckow | Of Counsel<br>    Terry A. Rice |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................. 1

I. PLAINTIFF'S CLAIMS ARE NOT PLAUSIBLE AS A MATTER OF LAW AND SHOULD BE DISMISSED .................................................................................. 1

II. PLAINTIFFS DO NOT POSSESS A COGNIZABLE PROPERTY INTEREST SUFFICIENT TO SUCCEED .................................................................................. 3

III. EVEN ASSUMING THAT A PROPERTY INTEREST EXISTS, PLAINTIFFS' DUE PROCESS CLAIMS FAIL .................................................................................. 6

IV. THE AVAILABILITY OF STATE COURT REVIEW PRECLUDES THESE CLAIMS .................................................................................. 7

V. PLAINTIFFS' FIRST AMENDMENT CLAIMS SHOULD BE DISMISSED .................. 8

VI. THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO IMMUNITY ..................... 9

CONCLUSION .................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Almonte v. City of Long Beach,
 2009 WL 962256 (E.D.N.Y.) ........................................................................................... 11

Anemone v. Metropolitan Transp. Auth.,
 410 F.Supp.2d 255 (S.D.N.Y. 2006) ................................................................................. 1

Ashcroft v. Iqbal,
 129 S.Ct. 1937 (2009) ....................................................................................................... 2

Bogan v. Scott-Harris,
 523 U.S. 44 (1998) .......................................................................................................... 10

Brady v. Town of Colchester,
 863 F.2d 205 (2d Cir. 1988) ........................................................................................ 7, 8

Bryant v. City of New York, et al.,
 404 F.3d 128 (2d Cir. 2005) ............................................................................................. 6

Cabble v. City of New York,
 2010 WL 1222035 ............................................................................................................ 8

Charwat v. Kustas,
 649 N.Y.S.2d 173 (3d Dep't 1996) ................................................................................... 7

Clubside, Inc. v. Valentin,
 468 F.3d 144 (2d Cir. 2006) ............................................................................................. 6

Condit v. Dunne,
 317 F.Supp.2d 344 (S.D.N.Y. 2004) ................................................................................ 3

Connick v. Myers,
 461 U.S. 138 (1983) .......................................................................................................... 8

County of Sacramento v. Lewis,
 523 U.S. 833 (1998) .......................................................................................................... 6

DeBlasio v. Zoning Bd.,
 53 F.3d 592 (3d Cir.), cert. denied, 516 U.S. 937 (1995) ............................................ 7, 8

Frooks v. Town of Cortlandt,
 997 F.Supp. 438 (S.D.N.Y. 1998), aff'd, 182 F.3d 899 (2d Cir. 1999) ........................... 6

Gagliardi v. Vill. of Pawling,
    18 F.3d 188 (2d Cir. 1994) ............................................................................................. 8

Letourneau v. Town of Berne,
    866 N.Y.S.2d 462 (3d Dep't 2008) ................................................................................. 7

Orangetown v. Magee,
    88 N.Y.2d 41 (1996) ....................................................................................................... 4

Pearson v. Callahan,
    129 S.Ct. 808 (2009) ................................................................................................ 9, 10

Puckett v. City of Glen Cove,
    631 F.Supp.2d 226 (E.D.N.Y. 2009) ........................................................................... 5, 7

Ramsey v. Goord,
    661 F.Supp.2d 370 (W.D.N.Y. 2009) .......................................................................... 10

Sanders v Grenadier Realty, Inc.,
    2010 WL 605715 ............................................................................................................ 2

Tara Circle, Inc. v. Bifano,
    1997 WL 399683 (S.D.N.Y.), *aff'd*, 173 F.3d 846 (2d Cir. 1999) ................................. 6

United Artists Theatre Circuit, Inc. v. Township of Warrington, PA,
    316 F.3d 392 (3d Cir. 2003) ........................................................................................... 6

Walz v. Town of Smithtown,
    46 F.3d 162 (2d Cir. 1995) ....................................................................................... 4, 10

Yale Auto Parts, Inc. v. Johnson,
    758 F.2d 54 (2d Cir. 1985) ............................................................................................. 8

**STATUTES**

§ 195-4 of the Rye City Code ................................................................................................ 4, 5

**OTHER AUTHORITIES**

Fed.R.Civ.P. 11 ........................................................................................................................ 2

Article 78 ................................................................................................................................. 7

## PRELIMINARY STATEMENT

The Rye Defendants (as defined in the Notice of Motion) respectfully submit this memorandum in response to Plaintiffs' Opposition ("Opp.") and in further support of their motion to dismiss the Amended Complaint, dated February 1, 2010 ("Complaint" or "Compl.").

Several issues warrant preliminary comment. First, Plaintiffs do not dispute that the claims against the Individual Rye Defendants in their official capacities and the claims against the City Council of the City of Rye must be dismissed as redundant since Plaintiffs have sued the municipality. See Anemone v. Metropolitan Transp. Auth., 410 F.Supp.2d 255, 264 n.2 (S.D.N.Y. 2006). This portion of the motion should be granted as unopposed. Similarly, since Council Member Joe Sack was sued only in his official capacity (Compl. ¶14), all claims against him must be dismissed in their entirety (without the need to reach the independent ground of immunity discussed below).

Second, to the extent the Complaint attempts to establish a retaliation claim based on Mr. Shew's contact with the medical facility and the interview by the Mobile Crisis Team, this claim fails against the Individual Rye Defendants because those allegations are not asserted against them, either in their individual or official capacities. Compl. ¶¶66-73. Plaintiffs' Opposition does not dispute this fact and, as a result, a retaliation claim based on these allegations also fails against these Defendants.

I.   **Plaintiffs' Claims Are Not Plausible As a Matter of Law And Should Be Dismissed**

The only specific allegations asserted against the Individual Rye Defendants, other than Mr. Shew (who is represented by separate counsel), are (1) that because of an alleged "special relationship" with Gates' engineer (Compl. ¶¶36-38), the City Engineer, Mr. Mottarella, determined a permit was unnecessary for the work performed at the Gates' property and (2) that

the Mayor and the City Council failed to remedy the alleged violation of the Rye City Code and subsequently retained a hydrologist solely to dispute Plaintiffs' claims of decreased flow of ground water to their property. (Id. ¶74-77). Neither the Opposition nor the Complaint provides the requisite factual specificity to make the claims plausible as a matter of law under Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009).

With respect to the general allegation of an improper "special relationship" between the City Engineer and Mr. Gates' engineer which affected the City Engineer's decision, Plaintiffs argue that it can be "inferred from the highly unusual and irregular action" (Opp. at 8) and that the City Engineer and the Gates' engineer "were good friends, had been for a long time, and were often seen having dinner together and socializing." (Id., p.9, n.8). If that alleged "special relationship" was longstanding, of common knowledge, and improper, as counsel asserts for the first time in the Opposition, then it is inexplicable why those inflammatory matters were never raised by Plaintiffs over the three-year period during which this controversy has engulfed the Rye community—at a time in which the Plaintiffs repeatedly appeared before the Rye City Council, met with their congressional representative, and spoke with the press-- or why those allegations were not pled in the original complaint or even in the Amended Complaint. Such assertions by counsel are insufficient to defeat the Rye Defendants' motion to dismiss. Sanders v Grenadier Realty, Inc., 2010 WL 605715, *1 n.2 (2d. Cir.)( ". . . while pleadings may be based on 'the best of the [attorney's] knowledge, information, and belief,' that information and belief must be 'formed after an inquiry reasonable under the circumstances.' Fed.R.Civ.P. 11"). [1]

---

[1] Plaintiffs also incorrectly assert that the purported "improper motive" of the City Engineer entitles them to conduct pretrial discovery. As discussed below, only conduct that "shocks the conscience" supports a due process claims, not a naked claim of "improper motive." Moreover, Plaintiffs fail to address any of the cases cited by the Rye Defendants which establish that Plaintiffs must first meet the requisite pleading standard to survive a motion to dismiss—which they have utterly failed to do. See Rye Memorandum dated April 16, 2010 ("Rye Memo") at 7-8.

Moreover, there are no factual allegations to support plaintiffs' separate allegations of a "cover-up" by any Rye Defendant. The indisputable public record establishes the contrary. The predicate for the assertion of a "cover-up" is the February 18, 2009 letter from the former Rye Naturalist, Chantal Detlefs (Compl., Exh. "H"). That letter demonstrates that almost immediately after the City Engineer determined that a permit was not required, Ms. Detlefs was advised. Her contemporaneous memo of September 1, 2006, which Plaintiffs ignore in their opposition, confirms that knowledge. Corsi Decl., Exh. D. Thereafter, Ms. Detlefs met with Mr. Schubert who repeatedly raised his concerns at City Council meetings and wrote to the Planning Commission on December 12, 2006, [2] complaining that in his view, the Code had been violated and the City should take action. While there were differing views between Ms. Detlefs and the City Engineer about the need for a naturalist review or issuance of a permit, that disagreement can not fairly be portrayed as a "cover-up" on the part of any City official.

Further, at the June 10, 2009 City Council meeting Ms. Detlefs unequivocally stated that in her February 2009 letter, she never intended to state or insinuate any conspiracy or "cover-up" by any City official and that she always believed the City staff was merely trying to do what was in everyone's best interest. Corsi Decl., Exh. C, at 3:20-3:20:40. Plaintiffs' attempt to dismiss that testimony as "unrehearsed" or argue that these comments have been taken out of context is belied by the video recording of that meeting, which can properly be considered on a motion to dismiss (see Condit v. Dunne, 317 F.Supp.2d 344, 357 (S.D.N.Y. 2004)), and the fact that Ms. Detlefs was no longer a Rye employee and chose to appear voluntarily at this meeting.

## II.  Plaintiffs Do Not Possess A Cognizable Property Interest Sufficient to Succeed

Plaintiffs claim a property interest in the 1994 wetland permit and rely primarily upon

---

[2] A copy is attached as Exhibit 1 of the Declaration of Louis G. Corsi dated May 21, 2010.

Orangetown v. Magee, 88 N.Y.2d 41 (1996) to support this contention. (Opp. at 12). In Orangetown, unlike here, the Court found a deprivation of rights because the plaintiff's permit was *revoked* for unlawful reasons.[3] Similarly, Plaintiffs' reliance on Walz v. Town of Smithtown (Opp. at 13) is also misplaced since in Walz the municipality withheld an excavation permit in an attempt to extort land from the plaintiff. 46 F.3d 162, 169 (2d Cir. 1995). These cases, as well as others cited by Plaintiffs are distinguishable since, here, the Rye Defendants took no action to revoke, withhold, withdraw or otherwise invalidate Plaintiffs' 1994 wetland permit.

In attempting to distinguish most of the cases Defendants cite which demonstrate that Plaintiffs do not possess a cognizable property interest (Rye Memo at 9-12), Plaintiffs argue that the governmental authorities had discretion, whereas here, the City Engineer did not. (Opp. at 16). This argument is without merit. Here, the City Engineer was presented with a permit application which described the proposed work as "repair drains in easement." Compl, Exh. "C." Section 195-4(c) of the Code provides that a permit may be granted upon written application to the Planning Commission for "regulated activities" within a wetland, watercourse or wetland/watercourse buffer. Compl., Exh. "D." Section 195-4(d) also recognizes specific "uses as of right" which do not require a permit. These exceptions to the permit requirement include the "repair of existing structures..." 195-4(d)(3). The City Engineer's determination concerning the applicability of the Code involved an exercise of discretion: whether the work at the Gates property was a "regulated activity" or was a "use as of right." Plaintiffs also misapply

---

[3] The facts in Orangetown are far different than here. In Orangetown, the plaintiff was issued a building permit and expended more than $4 million over a five year period. The Building Inspector revoked the permit without any basis, upon the Supervisor's direction. The Town had continually approved the construction and an extension of the permit, but five years later, succumbed to vocal and well-connected neighborhood opposition to the project. 594 N.Y.S.2d 951,952-957 (Sup. Ct. Rockland Co. 1992), *aff'd in part, rev'd in part*, 626 N.Y.S.2d 511 (2d Dep't 1995), *aff'd*, 643 N.Y.S.2d 21 (1996).

the relevant sections of the Code and argue that the City Engineer was required to refer the Gates application to the City Naturalist. (Opp. at 14) Section 195-4, however, requires a Naturalist review only in the event of a "regulated activity."

Plaintiffs also argue that the installation of a drywell was a "regulated activity." As reflected in his Memorandum dated July 6, 2007,[4] Mr. Mottarella sets forth the basis for his determination that no permit was necessary. He concluded that based upon the type of work to be performed, it consisted of a repair of an existing structure and that the plan showed the replacement piping draining into an existing underground stream. (Exh. 2). The conclusions recorded in the July 6 Memorandum reflect an exercise of discretion by the City Engineer. The fact that the City Naturalist may have disagreed does not mean that the determination did not involve an exercise of discretion.

Plaintiffs also argue that the cases Defendants relied upon do not apply here because the Courts in those cases focused not upon what Plaintiffs *had*, but rather what they *sought*. (Opp. at 15). Putting aside whether this attempted distinction is valid, it nonetheless fails here because the alleged wrongful conduct which allegedly destroyed Plaintiffs' "property right" was the failure of Rye to require Mr. Gates to obtain a permit, not that the Rye Defendants took any action to revoke or otherwise invalidate the 1994 wetland permit.

In addition, Puckett v. City of Glen Cove, which Plaintiffs cite in support of their retaliation claim, specifically held that the plaintiff did not have "a property right in the prohibition of the granting of a building permit to plaintiff's neighbor." 631 F.Supp.2d 226, 238 (E.D.N.Y. 2009).[5] Accordingly, here, Plaintiffs do not possess a property right in the

---

[4] A copy is attached as Exhibit 2 of the Declaration of Louis G. Corsi dated May 21, 2010.

[5] "[A] person cannot claim a constitutionally protected property interest in uses of neighboring property on the ground that those uses may affect the market value of [plaintiff's] property." Id.

determination that Plaintiffs' neighbor did not require a permit.[6]

### III.  Even Assuming That A Property Interest Exists, Plaintiffs' Due Process Claims Fail

A plaintiff asserting a substantive due process claim must allege facts substantiating not only that they had a valid property interest, but that the municipality infringed that interest in a constitutionally arbitrary or irrational manner. See Clubside, Inc. v. Valentin, 468 F.3d 144, 152 (2d Cir. 2006).[7] The Rye Defendants' conduct in determining that a permit was not required and in subsequently retaining a hydrologist cannot be viewed as conduct that "shocks the conscience" or that the Defendants acted in an arbitrary or irrational manner. At issue is a discretionary decision with which Plaintiffs disagree. The Opposition argues that the City Engineer lacked discretion and that the remaining defendants adopted and supported this determination. Even assuming the permit determination was incorrect, this is not sufficient to raise the claim to a constitutional tort. Frooks v. Town of Cortlandt, 997 F.Supp. 438, 449 (S.D.N.Y. 1998), aff'd, 182 F.3d 899 (2d Cir. 1999)(substantive due process does not reach an "incorrect or ill advised" decision). The generalized allegation of an improper "special relationship" does not supply the missing element to sustain a constitutional claim.[8]

---

[6] Plaintiffs fail to address, or even acknowledge, Tara Circle, Inc. v. Bifano, 1997 WL 399683 (S.D.N.Y.), aff'd, 173 F.3d 846 (2d Cir. 1999), where the plaintiffs had alleged a property right in a Special Permit. The Court held that "even if plaintiffs could establish a protected property interest in obtaining or retaining the Special Permit, their substantive due process claim fails because neither property interest is the basis for their claim." Id. at 10. Similar to the claims here, the Court found that when understood correctly, the plaintiffs were merely claiming a property interest in ancillary actions allegedly undertaken or contemplated by the Village and in actions that "merely relate" to the permit issued to them which are not "constitutionally protected in and of themselves." Id.

[7] Plaintiffs ignore the standard that a challenged action must "shock the conscience" (Opp. at 11) as set forth in Bryant v. City of New York, et al., 404 F.3d 128, 135 (2d Cir. 2005) and County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998). They attempt to argue that an alleged "improper motive" on the part of the City Engineer is sufficient to support their claim. (Opp. at 3, 14) This assertion is incorrect. See United Artists Theatre Circuit, Inc. v. Township of Warrington, PA, 316 F.3d 392, 394 (3d Cir. 2003) (County of Sacramento v. Lewis makes clear that an allegation of "improper motive" is insufficient to sustain a due process claim).

[8] The Opposition also fails to address the clear case law that when Plaintiffs have asserted a claim based on the more specific provisions of the First Amendment, they may not also assert a substantive due process claim based on the same conduct. (Rye Memo at 15).

## IV. The Availability of State Court Review Precludes These Claims

Plaintiffs' procedural due process claim is precluded by the availability of an adequate state court review process. See Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988). Plaintiffs' spurious arguments to the contrary are belied by Puckett, which found that "the availability of an Article 78 proceeding has been held to provide homeowner plaintiffs with all of the procedural due process rights to which they are due." 631 F.Supp.2d at 239.

Plaintiffs argue that the cases Defendants cite are inapplicable because there was no written decision by the Planning Board, yet provide no legal authority to support that proposition (Opp. at 18-19). An Article 78 proceeding is the appropriate vehicle to review allegations sounding in improper administrative determinations and actions by the City. Charwat v. Kustas, 649 N.Y.S.2d 173, 174 (3d Dep't 1996). The claim that it is "impossible" to determine when an Article 78 proceeding should have been commenced is equally unavailing. See Letourneau v. Town of Berne, 866 N.Y.S.2d 462, 463 (3d Dep't 2008)(cause of action to compel town to rescind neighbor's permit accrued and the statute of limitations began to run on date petitioner sent letter to town requesting recission of neighbor's permit on basis that it was issued in violation of law). Here, Mr. Schubert wrote to the Planning Commissioner on December 12, 2006, advising, *inter alia*, that he believed the City Code had been violated and requesting that the City take action. (Corsi May 21 Decl., Exh. 1).

Plaintiffs incorrectly argue that even if their procedural due process rights were adequately safeguarded by the availability of an Article 78 proceeding, this does not require dismissal of the substantive due process claims, arguing that substantive due process claims were permitted to continue to trial in Brady and DeBlasio. (Opp. at 19). But DeBlasio v. Zoning Bd.,

was decided prior to <u>County of Sacramento</u>, discussed above, and relied upon an "improper motive" standard. 53 F.3d 592, 597 (3d Cir.), *cert. denied*, 516 U.S. 937 (1995). The facts in <u>Brady v. Town of Colchester</u> are much different than those alleged here and the Court emphasized that a wronged party does not have a valid constitutional claim "every time a local zoning board makes an incorrect decision regarding a zoning permit." 863 F.2d 205, 211 (2d Cir. 1988). Moreover, Plaintiffs fail to address the cases Defendants cite (Rye Memo at 17) which held that even the "outright violation" of state law in the denial of a permit does not provide the basis for a constitutional claim if a state law remedy is available. See <u>Yale Auto Parts, Inc. v. Johnson</u>, 758 F.2d 54, 58-59 (2d Cir. 1985).

## V.     Plaintiffs' First Amendment Claims Should Be Dismissed

Plaintiffs allege that (1) the Defendants' "refusal" to take any action to "remediate the failure to require a permit..." (Compl. ¶107) and (2) Mr. Shew's contact with the medical facility (<u>Id</u>. ¶109-10) were retaliatory, all in violation of the First Amendment. Plaintiffs fail to address the argument that the Complaint does not provide *any* factual allegations to support the conclusory charge of "retaliation" against the Individual Rye Defendants. <u>Cabble</u>, 2010 WL 1222035 at 4. While Plaintiffs cite <u>Gagliardi v. Vill. of Pawling</u>, for the proposition that whether Plaintiffs' speech was a substantial motivating factor in the Defendants' "refusal" to address Plaintiffs' complaints is not one that can be decided in the context of a motion to dismiss, they completely ignore the reasoning in <u>Gagliardi</u> that "a bald and uncorroborated allegation of retaliation" would not withstand a motion to dismiss. 18 F.3d 188, 195 (2d Cir. 1994).[9]

The public record here and Plaintiffs' allegations confirm that the Mayor and City

---

[9] In addition, Plaintiffs' Opposition fails to address that in order for conduct or speech to be entitled to First Amendment protection, it must touch upon a matter of public concern, which here, it does not. See <u>Connick v. Myers</u>, 461 U.S. 138, 149 (1983).

Council were faced with a constituent who attended numerous City Council meetings to voice his complaints. Compl. ¶52. When Mr. Schubert first raised a concern regarding damage to his property in July 2007, two years before this action was commenced, the City Council and Mayor took action and requested information from the City administration. Corsi Decl., Exh. C, at 3:38-3:42:46. They were advised that the City Engineer had determined that no permit was necessary, but were never made aware of a difference in opinion among City employees until February 2009, when Chantal Detlefs, the former City Naturalist, contacted the Mayor. Corsi Decl., Exh. C, at 3:23:40-3:24; 3:38-3:42:46; 4:01:20-4:02:25. Then the Mayor and City Council promptly performed their legislative function by holding a public meeting, deliberated, and voted to hire a hydrology expert to perform an inspection. Corsi Decl., Exh. T, 14:00-48:07; 1:49:50-1:50:58. Mr. Schubert endorsed the proposal to hire a hydrology expert and pledged his cooperation with the investigation. Id., at 1:19:34-1:21:25.

This sequence of events is not disputed by Plaintiffs. Rather, they argue that these facts are "misleading and irrelevant." (Opp. at 7) Such an assertion is belied by the record.[10] Moreover, those facts completely negate any plausibility to the claim that the Individual Rye Defendants engaged in retaliatory conduct.[11]

## VI. The Individual Defendants Are Entitled To Immunity

The Supreme Court has stressed the importance of resolving immunity questions at the earliest possible stage of litigation to preserve the purpose of qualified immunity and ensure that "insubstantial claims against government officials will be resolved prior to discovery." Pearson

---

[10] Plaintiffs argue that from their chronology of events an inference can be drawn concerning Defendants' motive and intent. (Opp. at 21). The minutes and video recordings establish the contrary.

[11] Lastly, even assuming an allegation of actual chilling of First Amendment rights is not required, the Complaint fails to allege any injury from the purported First Amendment violation.

v. Callahan, 129 S.Ct. 808, 815 (2009). The two specific allegations asserted against the Individual Rye Defendants underlying Plaintiffs constitutional claims are not plausible as a matter of law.

Mr. Mottarella exercised his discretion in determining whether the work at the Gates property was a "regulated activity" or was a "use as of right." Plaintiffs' Opposition fails to set forth any rationale as to why the City Engineer would not be entitled to qualified immunity for claims based on that allegation. Their reliance on Walz is misplaced since the government official in Walz denied an excavation permit as a means of extorting land from the Plaintiff. 46 F.3d at 169. Here, given the inherent discretion afforded the City Engineer, it was "objectively reasonable" for him to believe his determination did not violate a "clearly established" constitutional right of the Schuberts. At most, there was a disagreement between him and the City Naturalist with respect to whether a permit was required. The "protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" Ramsey v. Goord, 661 F.Supp.2d 370, 403 (W.D.N.Y. 2009).

With respect to the Mayor and the City Council, Plaintiffs claim only that they failed to remedy the alleged violation of the City Code and subsequently retained a hydrologist solely to dispute Plaintiffs' claims. Compl. ¶74-77. The Mayor and the City Council members are entitled to legislative immunity because legislators, whether in the local, state or regional levels, are entitled to absolute immunity for their legislative activities. Bogan v. Scott-Harris, 523 U.S. 44, 49 (1998). Plaintiffs' Opposition argues, without citing any legal authority, that the allegations against the Mayor and the City Council do not relate to their legislative capacities. Legislative immunity extends to all aspects of the legislative process, including discussions held,

<u>Almonte v. City of Long Beach</u>, 2009 WL 962256 at 3 (E.D.N.Y.) As discussed above, at Mr Schubert's request, the Mayor and City Council repeatedly considered his complaints, gave him a public forum (the City Council meetings) in which to voice his complaints to the community, and ultimately voted on a resolution to retain a hydrologist (which he endorsed), in hopes of bringing this matter to a satisfactory conclusion. Although Plaintiffs were ultimately not satisfied, that dissatisfaction does not mean that the actions taken by the Mayor and City Council did not come within the legislative function.[12]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' claims with prejudice, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 21, 2010

                                   Yours, etc.,

                                   **LANDMAN CORSI BALLAINE & FORD P.C.**

                                   By: _____
                                   Louis G. Corsi
                                   Cristi L. Luckow
                                   Attorneys for Defendants
                                   120 Broadway, 27th Floor
                                   New York, New York  10271-0079
                                   (212) 238-4800

                                   **RICE & AMON**

---

[12] Moreover, as set forth above, there are no allegations that any individually named Defendant, other than Mr. Shew, was aware of or involved in the decision to contact the medical facility.

By: *Terry Rice*
Terry A. Rice
4 Executive Boulevard
Suffern, New York 10901
(845) 357-4000

Attorneys for Rye Defendants

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

      RYAN NEW, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at NEW YORK, NEW YORK.

      That on the 21st day of May, 2010, deponent served the within **RYE DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S SUBMISSION AND IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS** upon:

> Gaines, Gruner, Ponzini & Novick, LLP
> Attorneys for Plaintiffs
> One North Broadway, Suite 1201
> White Plains, New York 10601
>
> Hodges Walsh & Slater, LLP
> Attorneys for Defendant O. Paul Shew
> 55 Church Street, Suite 211
> White Plains, New York 10601

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                                     _____
                                                            Ryan New

Sworn to before me this
21st day of May, 2010

_____
Notary

JENNIFER WU
Notary Public, State of New York
No. 02WU6183225
Qualified in New York County
Commission Expires March 10, 2012

498229.1 DocsNY